UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| In re: | : | Chapter 13 |
| --- | --- | --- |
| Robert Carl Bolus, Sr., | : | Case No. 5:20-02899-MJC |
| Debtor. | : | |

| Robert Carl Bolus, Sr., | : | |
| --- | --- | --- |
| | : | Adversary Proceeding |
| Plaintiff, | : | No. 5:21-00038-MJC |
| v. | : | |
| SMS Financial CH, LLC, | : | |
| Defendant. | : | |

# O P I N I O N

## I. Introduction

Before the Court is the Debtor's Motion for Summary Judgment seeking a determination that a judgment the Defendant obtained in state court is void. While Debtor was engaged in pre-petition litigation with the Defendant, he filed bankruptcy without giving notice to creditors, and then allowed his petition to be dismissed shortly thereafter. In the meantime, the pre-petition litigation continued unaware of the automatic stay and summary judgment was entered against the Debtor but after the bankruptcy case was dismissed. The Debtor now challenges the judgment as having been entered in violation of the automatic stay because the initial order granting summary judgment was unquestionably void <u>ab initio</u>. For the reasons set forth below, the Court finds that the state court judgment is valid.

1

**II. Procedural History**

The Debtor filed his voluntary Chapter 13 petition ("Petition") on September 30, 2020 without the assistance of legal counsel. The Debtor filed the Petition on an emergency basis to stop the tax sale of nine (9) parcels of real estate that were scheduled for sale at 10:00 a.m. that day. At the time of filing, the Debtor did not submit the required filing fee, a Statement of Social Security Number, or the creditor matrix. Because the Debtor failed to file the creditor matrix, no creditors received notice of the bankruptcy case.

At 8:33 a.m. on October 14, 2020, the case was dismissed for failure to pay the filing fee. See BK. Dkt. # 13.[1] On October 28, 2020, the Debtor, now through legal counsel, moved to reinstate this case. The Court granted the motion to reinstate on October 29, 2020. See BK. Dkt. # 18. After the case was reinstated, the Debtor uploaded his creditor matrix, certificate of credit counseling, and Statement of Social Security Number. The Debtor filed his Schedules, Statements, and other documents on November 12, 2020. BK. Dkt. # 42.

The Debtor filed his initial Chapter 13 plan on November 16, 2020. BK. Dkt. # 44. The confirmation hearing was continued several times and finally held on October 16, 2021. The Court sustained the objections of the Chapter 13 Trustee and SMS Financial. Despite the Court ordering that any amended plan be filed within sixty (60) days, the Debtor did not file an amended plan ("First Amended Plan") until the day before the March 29, 2022 hearing on the Chapter 13 Trustee's motion to dismiss for unconfirmable plan. See BK. Dkt. # 106. The Trustee and SMS Financial again lodged objections to confirmation. Those objections were also sustained and the

---

[1] Docket entries in the main bankruptcy case are noted as such and all other docket entries refer to this Adversary Proceeding.

Court granted leave to file any amended plan within twenty-one days, i.e., August 2, 2022.[2] The case has been pending for 23 months and no Chapter 13 plan has been confirmed.

On October 10, 2021, the Debtor commenced this adversary proceeding with the filing of a complaint ("Complaint") against defendant SMS Financial CH, LLC ("SMS Financial"). The Complaint consists of two (2) counts: Count I: Stay Violation and Count II: Determination of Secured Status & Objection to Claim. Count I asserts that proceeding in state court on the SMS Financial's motion for summary judgment on October 2, 2020 and obtaining the October 14, 2020 judgment against the Debtor violated 11 U.S.C. §§362(a)(1) and (4). The Debtor seeks a declaration that the October 14, 2020 judgment is void as having been entered in violation of the automatic stay. Count II seeks a determination that SMS Financial's proof of claim is unsecured because the October 14, 2020 judgment was void. SMS Financial filed its answer on November 3, 2021. Dkt. # 6.

The Debtor filed a motion for summary judgment ("Motion") on March 4, 2022. Dkt. # 11. Briefing was completed on May 9, 2022. The Court heard argument on the Motion on May 19, 2022, after which the matter was taken under advisement.

### III. Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334 and the Standing Order of Reference of the U.S. District Court for the Middle District of Pennsylvania dated March 11, 2016. The claims asserted in the Complaint are core proceedings pursuant to 28 U.S.C. §157(b)(2)(A) and (B). Venue is proper pursuant to 28 U.S.C. §1409(a).

---

[2] On August 8, 2022, the Debtor filed a second amended plan. BK. Dkt. # 117. Objections are due September 27, 2022 and a confirmation hearing is scheduled for October 4, 2022.

## IV. Facts

The following material facts are not in dispute.

1. Prior to the Petition Date, SMS Financial was engaged in litigation ("State Court Litigation") in the Pennsylvania Court of Common Pleas, Lackawanna County ("State Court") against the Debtor and Bolus Truck Parts & Towing, Inc., an entity that the Debtor wholly owns.

2. In the State Court Litigation, SMS Financial filed a motion for summary judgment against the Debtor.

3. The State Court scheduled oral argument on the motion for summary judgment for October 2, 2020.

4. On September 30, 2020, the Debtor, pro se, filed his voluntary Chapter 13 Petition. BK. Dkt. # 1.

5. Because the Debtor did not file a creditor matrix with the Petition, no notice of the filing of the bankruptcy case was sent to creditors and parties in interest.

6. SMS Financial was unaware that the Debtor had filed bankruptcy.

7. The Debtor did not give notice of the bankruptcy to the State Court or SMS Financial prior to October 29, 2020.

8. On October 2, 2020, the State Court conducted oral argument on the motion for summary judgment by video conference; however, the Debtor was unable to connect to the hearing and did not appear.

9. At the October 2nd hearing, the State Court entered summary judgment in favor of SMS Financial and against the Debtor. An order memorializing the State Court's decision was entered the same day ("October 2nd Order").

10. On October 5, 2020, the Debtor filed a motion for reconsideration of the State Court's October 2nd Order. The Debtor's motion for reconsideration did not mention that he had filed his bankruptcy case on September 30, 2020.

11. The State Court granted the Debtor's motion for reconsideration and scheduled oral argument for October 14, 2020 at 1:00 p.m. ("October 5th Order").

12. On October 14, 2020 at 8:33 a.m., the Debtor's bankruptcy case was dismissed for failure to pay the filing fee. See BK. Dkt. # 13.

13. Later that day, the State Court held the hearing on SMS Financial's motion for summary judgment.

14. At the conclusion of the hearing, the State Court entered an order ("October 14th Order"), that:

   a. Denied the Debtor's motion for reconsideration;

   b. Affirmed the State Court's October 2, 2020 Order; and,

   c. Granted SMS Financial's motion for summary judgment against the Debtor.

15. On October 22, 2020, the State Court entered judgment in favor of SMS Financial and against the Debtor in the amount of $100,916.43, plus interest, costs and attorney's fees. ("October 22nd Judgment").

16. On October 28, 2020, the Debtor moved to reinstate the bankruptcy case. BK. Dkt. # 16.

17. The Court granted the motion to reinstate on October 29, 2020. BK. Dkt. # 18.

**V. Legal Standards**

**A. Summary Judgment**

Pursuant to Federal Rule of Civil Procedure 56(a) (made applicable to this adversary proceeding by Fed. R. Bankr. P. 7056): "The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." E.g., Steele v. Cicchi, 855 F.3d 494, 500 (3d Cir. 2017); Transguard Ins. Co. of Am. Inc., v. Hinchey, 464 F. Supp. 2d 425, 429 (M.D. Pa. 2006). Thus, the inquiry on a motion for summary judgment is to determine whether there is a disputed issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S. Ct. 2505 (1986); Hinchey, 464 F. Supp. 2d at 430. "A dispute of material fact is 'genuine' only if the evidence 'is such that a reasonable jury could return a verdict for the non-moving party.'" Holbrook v. Jellen, 2017 WL 4401897, at *4 (M.D. Pa. Mar. 8, 2017) (quoting Anderson, 477 U.S. at 248).

The moving party has the initial burden to demonstrate "the absence of a genuine issue of material fact." United States v. Donovan, 661 F.3d 174, 185 (3d Cir. 2011) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). If the moving party meets this initial burden, then the burden shifts to the non-moving party to "come forward with specific facts showing that there is a genuine issue for trial." Id. (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)). On summary judgment, the court must draw all reasonable inferences in favor of the non-moving party. United States v. 717 S. Woodward St., 2 F.3d 529, 533 (3d Cir. 1993).

When the moving party has the burden of proof at trial on the underlying claim, the Third Circuit Court of Appeals characterized the standard as more stringent, explaining that the moving party must establish that no reasonable jury could find for the non-moving party in essence by

producing enough evidence to justify a directed verdict in its favor. Donovan, 661 F.3d at 185; Kahle v. Roemmele (In re Roemmele), 2011 WL 4804833, at *4 (Bankr. E.D. Pa. Oct. 11, 2011).

When the moving party does not carry the burden of proof at trial, the moving party has the initial burden of showing the absence of a genuine issue of material fact. Roemmele, 2011 WL 4804833, at *4. The moving party "has no obligation to produce evidence negating its opponent's case. The moving party merely has to point to the lack of any evidence supporting the non-movant's claim." Nat'l State Bank v. Fed. Reserve Bank of New York, 979 F.2d 1579, 1582 (3d Cir. 1992) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986)). In this proceeding, the Debtor as the moving party is required to establish that no reasonable jury could find for the Defendant by producing enough evidence to justify a directed verdict in his favor.

**B. Automatic Stay**

Upon the filing of a bankruptcy petition, the automatic stay goes into effect. See 11 U.S.C. §362(a); In re Swindle, 584 B.R. 259, 264 (Bankr. N.D. Ill. 2018) ("The automatic stay is a self-executing…"). Once in place, "it protects all property of the estate regardless of whether or not notice has been given of the pendency of the case." In re Weatherford, 413 B.R. 273, 283 (Bankr. D.S.C. 2009) (quoting McGuffin v. Barman (In re BHB Enter., LLC), 1997 WL 33344249 at *4 (Bankr. D.S.C. Aug.27, 1997)). The automatic stay is the mechanism that bars and nullifies post-petition actions in non-bankruptcy cases against the debtor or property of the estate. Hillis Motors, Inc. v. Hawaii Auto. Dealers' Ass'n (In re Hillis Motors), 997 F.2d 581, 585 (9th Cir. 1993). The stay not only protects a debtor by granting a breathing spell from creditors but it "also protects creditors as a class from the possibility that one creditor will obtain payment on its claim to the detriment of all others." Id.; City of Chicago, Illinois v. Fulton, 141 S. Ct. 585, 589 (2021)

7

(automatic stay "benefits creditors as a group by preventing individual creditors from pursuing their own interests to the detriment of the others"); In re Krystal Cadillac Oldsmobile GMC Truck, Inc., 142 F.3d 631, 637 (3d Cir. 1998) (absent automatic stay, creditors would be able to pursue their own remedies to detriment of other creditors).

Section 362(a) provides, in pertinent part:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title … operates as a stay, applicable to all entities, of—
>
>> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
>> …
>
>> (4) any act to create, perfect, or enforce any lien against property of the estate…

The stay continues until the earlier of when the case is closed or dismissed. See §362(c)(2). Upon dismissal of the bankruptcy case, the automatic stay terminates. Generally, if the bankruptcy case is then reinstated, the stay is not retroactively reimposed and actions taken by creditors during the gap period are valid. In re Lomagno, 320 B.R. 473, 479 (B.A.P. 1st Cir.), aff'd, 429 F.3d 16 (1st Cir. 2005); In re Parker, 624 B.R. 222, 236 (Bankr. W.D. Pa. 2021); In re Moore, 2006 WL 4468609, at *8 (Bankr. D. Md. Dec. 29, 2006).

In the Third Circuit, judicial actions and proceedings against a debtor that are taken in violation of the automatic stay are void ab initio. See In re Myers, 491 F.3d 120, 127 (3d Cir. 2007); In re Siciliano, 13 F.3d 748, 750 (3d Cir. 1994); Raymark Indus., Inc. v. Lai, 973 F.2d 1125,

8

1131 (3d Cir. 1992); Maritime Electric Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1206 (3d Cir. 1991) (citing Kalb v. Feuerstein, 308 U.S. 433, 438 (1940)). A corollary to this principle is that a bankruptcy court has the power to vacate a state court decision if that order or judgment was entered in violation of the automatic stay. Raymark Industries, Inc. v. Lai, 973 F.2d 1125, 1132 (3d Cir. 1992) ("Because a void judgment is null and without effect, the vacating of such a judgment is merely a formality and does not intrude upon the notion of mutual respect in federal-state interests." (citing In re James, 940 F.2d 46, 52 (3d Cir. 1991))).

## VI. Discussion

### A. The Parties Contentions

In his Motion, the Debtor begins with a straightforward argument – i.e., the State Court's October 2nd Order is void ab initio because it was entered in violation of the automatic stay, which had gone into effect on September 30, 2020.[3] SMS Financial does not dispute this contention.

The Debtor takes his argument one step further however, arguing that because the October 2nd Order was void, the October 22nd Judgment is also void.[4] Citing Raymark Indus., Inc. v. Lai, 973 F.2d 1125, 1128 (3d Cir. 1992), the Debtor asserts that subsequent proceedings after a decision or order in violation of the automatic stay that are dependent on such decision or order, are void ab initio or invalid. Debtor's Brief at 3. Thus, according to the Debtor, the October 22nd Judgment

---

[3] In his brief, the Debtor argues that the "automatic stay was in place from at least September 29, 2020, through October 14, 2020 …." Debtor's Brief at 1. The undisputed record establishes that the Petition was filed on September 30, 2020. There is no legal or factual basis to conclude that the automatic stay was in place on September 29, 2020.

[4] The Court notes that the Complaint makes no mention of the October 22nd Judgment. The Complaint refers only to the October 14, 2020 judgment.

9

was the result of a ministerial act that was entirely dependent upon the void October 2nd Order. Id. at 2.

SMS Financial contends that the Debtor is mistaken as to the validity of the October 22nd Judgment because the October 22nd Judgment relies on the October 14th Order and the automatic stay was not in effect at the time the State Court entered them. The Debtor's bankruptcy case was dismissed on the morning of October 14, 2020 and the State Court argument on the motion for summary judgment was convened at 1:00 p.m., after the stay terminated. SMS Financial argues that the October 14th Order was not entered in violation of the stay. It further argues that the October 14th Order granting summary judgment was a standalone order because the State Court granted the Debtor's motion for reconsideration, which effectively vacated the October 2nd Order, and determined the motion for summary judgment anew on October 14, 2020.

Notwithstanding SMS Finanical's position with respect to the October 14th Order, the Debtor's Motion seeks an order directing SMS Financial to vacate all entries in the State Court Litigation after September 29, 2020 within thirty (30) days or be subject to sanctions for willful violations of the automatic stay.[5] As SMS Financial points out, the relief the Debtor seeks is overly broad since the State Court Litigation involves Bolus Truck Parts & Towing, Inc., an entity which is not in bankruptcy and therefore, there is no basis to vacate actions that the State Court may have taken with respect to that entity.

---

[5] See In re Frankel, 391 B.R. 266, 275 (Bankr. M.D. Pa. 2008) ("[E]ven if a creditor is initially unaware of the automatic stay, the creditor has an affirmative duty to stop or correct actions that continue to violate the stay once the creditor is made aware of the stay." (quoting In re Glanzer, 2008 WL 938590, *2 (Bankr. N.D. Ohio 2008)). To recover for a violation of the automatic stay, a debtor must show by a preponderance of the evidence that: "(1) a violation of the stay occurred; (2) the creditor had knowledge of the bankruptcy case when acting; and (3) the violation caused actual damages." Kaushas v. Popple Constr., Inc. (In re Kaushas), 616 B.R. 57, 62 (Bankr. M.D. Pa. 2020) (citing In re Linsenbach, 482 B.R. 522, 526 (Bankr. M.D. Pa. 2012)).

**B. Analysis**

According to the Debtor, the outcome of his Motion turns on whether the October 14th Order is a standalone order or whether it is dependent upon the October 2nd Order, which neither party disputes, is void.

The Debtor relies on Pennsylvania Rule of Appellate Procedure 1701[6] which the Debtor contends "requires an affirmative order granting reconsideration for a subsequent Order to be the Order from which an appeal is taken." Debtor's Reply Brief at 1. In other words, for the October 14th Order to be effective, the Debtor argues that the State Court had to affirmatively and expressly enter an order granting reconsideration and vacating the October 2nd Order.[7] Otherwise, the October 2nd Order is the operative order from which an appeal would be taken in State Court.

Assuming arguendo, that the Debtor's basic premise is correct, which is that the October 5th Order granting reconsideration had to essentially comply with Pa. R.A.P. 1701 for the October 14th Order to be an independent order,[8] the Court finds that based on state law, the October 14th Order is an independent order.

---

[6] In his Reply Brief, Debtor's Counsel incorrectly refers to "Pa.R.C.P. 1701," which relates to class actions. The Court will assume the Debtor meant to refer to Pa. R.A.P. 1701 from the Appellate Rules of Procedure, which is entitled "Effect of Appeal Generally."

[7] The Debtor argued in his Reply Brief and at oral argument on the Motion, that no order granting reconsideration was entered pursuant to Pa. R.A.P. 1701. When this Court pointed out that the State Court entered the October 5th Order granting reconsideration, the Debtor switched positions and then argued that the October 5th Order did not comply with Pa. R.A.P. 1701 because it did not expressly vacate the October 2nd Order.

[8] The Debtor seeks to engraft the requirements of Pa. R.A.P. 1701(b)(3)(ii) on the October 5th Order. However, it does not follow that Pa. R.A.P. 1701 affects the validity of the October 14th Order in the case sub judice. The Pennsylvania Commonwealth Court explained the purpose of Pa. R.A.P. 1701 in Barron v. City of Philadelphia, 754 A.2d 738, 740 (Pa. Commw. Ct. 2000):

> Rule 1701 addresses the effect upon a trial court or a governmental agency when a party files an appeal or petition for review from an order. In general, once an appeal is taken, the trial court is prohibited from proceeding further in the matter. Pa. R.A.P. 1701(a). The rule lists

The Debtor's argument that the October 5th Order granting reconsideration had to also expressly vacate the prior order, is squarely dealt with in Barron v. City of Philadelphia, 754 A.2d 738, 740 (Pa. Commw. Ct. 2000). In Barron, the Commonwealth Court reviewed whether the trial court erred in determining that its order did not "expressly" grant reconsideration of the previous order, and therefore, lost jurisdiction to modify the order. Id. at 739. The appellant in that case argued that Pa. R.A.P. 1701(b)(3)(ii) does not require that the court direct that its previous order be vacated when expressly granting reconsideration of the order.

As to the Pa. R.A.P. 1701 issue, the Commonwealth Court stated it could not disagree that "Pa. R.A.P. 1701(b)(3)(ii) does not require that a court specifically direct that its prior order is vacated when entering a timely order expressly granting reconsideration." 754 A.2d at 739-40. The Barron Court when on to say:

> At most, we have approved language of the Pennsylvania Superior Court that 'the soundest procedure for the trial court to follow, and the procedure that will avoid the sort of difficulty that has occurred in this case, is to vacate the [order] when granting reconsideration.'

Id. at 740.

However, the Barron Court found that because no appeal had been filed, 42 Pa.C.S. §5505 governed and Pa. R.A.P. 1701 did not strictly apply. Under 42 Pa.C.S. §5505, a court may modify or rescind any order within 30 days after its entry. Upon the expiration of the 30 days, the order

---

<sup></sup> several exceptions, however. One exception permits the trial court or governmental agency to grant reconsideration of its order if (1) an application requesting such relief is filed within the time prescribed by law, and (2) an order "expressly granting reconsideration" is filed within such applicable period. Pa. R.A.P. 1701(b)(3).

Thus, Pa. R.A.P. 1701 deals with the trial court's jurisdiction with respect to a final order once an appeal of that order has been taken. The Rule in no way affects the validity of an order that has been entered by the trial court prior to an appeal being filed.

12

Case 5:21-ap-00038-MJC    Doc 28    Filed 08/29/22    Entered 08/30/22 09:02:49    Desc
Main Document      Page 12 of 15

becomes final and the court loses jurisdiction to change or modify the order. See City of Philadelphia Police Dep't v. Civ. Serv. Comm'n of City of Philadelphia, 702 A.2d 878, 880 (Pa. Commw. Ct. 1997).

In applying §5505, the Barron Court determined that its case law established that an effective grant of reconsideration does not require a court to expressly state that the order under reconsideration has been "vacated." Id. at 740. The Court concluded that "when a court enters an order expressly granting reconsideration, it would follow that the order under reconsideration is effectively vacated, permitting the court to retain jurisdiction." Id. This conclusion is reiterated in Jackson ex rel. Sanders v. Hendrick, 560 Pa. 468, 477, 746 A.2d 574, 579 (2000) (concurring opinion): "A decision to grant reconsideration, however, has the effect of vacating the original order; until the court enters its decision on reconsideration, the status of the case is as if no order had been entered."

As was the case in Barron, no appeal was filed in the State Court as to the Debtor's motion for summary judgment. Therefore, applying the holding of Barron, the effective grant of reconsideration does not require that the order expressly state that order being reconsidered has been vacated. Here, the October 5th Order stated:

> [U]pon consideration of Defendant Robert Bolus' Motion for Reconsideration of the Order dated October 2, 2020, it is HEREBY ORDERED that Plaintiff's Motion [sic] is GRANTED. Oral argument is scheduled for October 14, 2020 at 1:00 PM and will be held using Zoom.

Despite the State Court's error in identifying the motion for reconsideration as the "Plaintiff's",[9] the State Court expressly granted the motion for reconsideration and rescheduled oral argument

---

[9] The State Court failed to correct its error and again referred to the "Plaintiff's" motion for reconsideration in its October 14th Order.

Case 5:21-ap-00038-MJC    Doc 28    Filed 08/29/22    Entered 08/30/22 09:02:49    Desc
Main Document      Page 13 of 15

on SMS Financial's motion for summary judgment.[10]  Thus, under §5505, the State Court retained jurisdiction over the motion for summary judgment, and accordingly, had jurisdiction to enter its October 14th Order, which provided:

> [U]pon consideration of Defendant Robert Bolus' Motion for Reconsideration of the Order dated October 2, 2020 and Defendant Robert Bolus' failure to appear at the time of oral argument, it is HEREBY ORDERED that Plaintiff's Motion [sic] for Reconsideration is DENIED. The Order dated October 2, 2020 is AFFIRMED. Plaintiff SMS Financial CH, LLC's Motion for Summary Judgment against Robert Bolus is GRANTED.

The October 14th Order affirmed the October 2nd Order, thereby validating the previously void and subsequently vacated order.  Because no stay was in effect, the State Court's actions in considering the motion for summary judgment on October 14, 2020 and later entering summary judgment in favor of SMS Financial were not in violation of the automatic stay and not reliant on the void October 2nd Order.[11]

---

[10]  The facts of this case are distinguishable from Commonwealth of Pennsylvania v. Gordon, 329 Pa.Super. 42 (1984).  There the Commonwealth Court found that the order on reconsideration was insufficient under Pa. R.A.P. 1701 because the trial court's order failed to expressly grant reconsideration and only scheduled a hearing on the motion for reconsideration.  As stated above, here the State Court clearly and expressly granted reconsideration in its October 5th Order.

[11]  By the same token, the Debtor, who without informing SMS Financial or the State Court that he had filed bankruptcy, moved for reconsideration of the October 2nd Order.  In some instances courts have held that where a debtor appears and defends a suit on any basis other than the automatic stay, then the debtor waives the protections of the automatic stay.  In re Cobb, 88 B.R. 119, 120-21 (Bankr. W.D. Tx. 1988).  The rationale behind this principle is that the debtor is the party moving the action forward and allowing the debtor to then assert the automatic stay as a defense, would give the debtor a "trump card that he could play if he did not like the outcome of the action" while also permitting him to take a favorable judgment.  Id. at 121.

Other courts have emphasized that the automatic stay is designed to **protect** the debtor and "stop [ ] all collection efforts, all harassment, and all foreclosure actions." In re Smith Corset Shops, Inc., 696 F.2d 971, 977 (1st Cir. 1982) (quoting S.Rep. No. 989, 95th Cong., 2d Sess. 84, reprinted in 1978 U.S. Code Cong. & Ad. News 5787, 5879)).  A debtor may not misuse the automatic stay by remaining "stealthy silent" while a creditor moves forward in a suit and obtains a judgment, and then turn around and move for stay violations.  Id.  Thus, where a debtor's unreasonable behavior contributes to the creditor's predicament, no stay violation will be found.  In re Calder, 907 F.2d 953, 956 (10th Cir. 1990).

14

Consequently, the Debtor has failed to carry his burden and his Motion will be denied.

## VII. CONCLUSION

For the reasons stated above, the Debtor has failed to establish that the October 14th Order and October 22nd Judgment were entered in violation of the automatic stay. Therefore, the Debtor's Motion for Summary Judgment is denied.

An appropriate order will be entered.

By the Court,

_____
Mark J. Conway, Bankruptcy Judge
Dated: August 29, 2022

15